```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Willie Smith,

                           Plaintiff,

    -against-

Department of Corrections, et al.,

                          Defendants.

1:20-cv-09501 (RA) (SDA)

**ORDER TO AMEND**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff Willie Smith, currently detained in the Vernon C. Bain Center ("VCBC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his federal constitutional rights by not protecting him from contracting COVID-19. He originally filed this action with 49 other VCBC prisoners. The original action was assigned to District Judge George B. Daniels and opened under docket number 20-CV-08407; Judge Daniels referred the matter to me and I severed claims of the plaintiffs other than Plaintiff Michael Lee, and directed that the severed claims of the 49 other plaintiffs be opened as 49 separate civil actions. (*See* 20-CV-8407 ECF No. 7.) This action is one of those newly opened civil actions.

By order dated February 1, 2021, the Court granted Plaintiff Smith's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff Smith leave to file a second amended complaint within sixty days of the date of this Order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**BACKGROUND**

In *Lee*, 20-CV-8407, Plaintiff Michael Lee initially sought to bring a class action on behalf of himself and other VCBC prisoners, including the plaintiff in this action, Willie Smith. The plaintiffs sued the Commissioner of the New York City Department of Correction, Cynthia Brann; "Health Director Commissioner" Patsy Yang; and Board of Correction Executive Director Margaret Egan. They also may have intended to sue the New York City Department of Correction ("DOC").

In the original complaint, the plaintiffs alleged that they have been forced into unsafe living conditions, including by being housed in units without appropriate capacity limitations to allow for social distancing. (Compl., ECF No. 2, at 5.) They also alleged that prisoners are less than "3-4 inches" apart in sleeping areas and that 50 prisoners in one housing unit share toilets, sinks, and showers. (*Id.*) They further alleged that certain detainees have contracted or been exposed to COVID-19 as a result of these conditions. (*Id.* at 7.) They sought an improvement of conditions, including a reduction in housing capacity; monetary damages; and the release of detainees who meet certain criteria. (*Id.* at 7-8.)

On November 24, 2020, Plaintiff Lee filed an amended complaint in *Lee* (20-CV-08407 ECF No. 14); while Plaintiff Smith may have signed the original complaint, it is unclear whether he signed the amended complaint. At my direction, the amended complaint was docketed in each of the severed actions, including this one. (20-CV-08407 ECF No. 19, at 2.) The amended complaint provides fewer details than the original complaint and does not specify how the defendants specifically violated any of the plaintiffs' constitutional rights.

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, Plaintiff Smith must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). If Plaintiff Smith was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Regardless of whether Plaintiff Smith was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29-33.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions."

3

*Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the amended complaint does not contain sufficient facts to state a claim, the Court directs Plaintiff Smith to file a second amended complaint. Plaintiff Smith's second amended complaint should allege whether he is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and the specific conditions within those units that he contends violate his constitutional rights. For example, if Plaintiff Smith asserts that the defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to him, and that the defendants were deliberately indifferent to the risk of serious harm to his safety or health. If Plaintiff Smith names

individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, if Plaintiff Smith is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

### LEAVE TO AMEND

Plaintiff Smith is granted leave to file a second amended complaint to detail his claims. First, Plaintiff Smith must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff Smith does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint.[3] The naming of "John Doe" or "Jane Doe" defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff Smith shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff Smith seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff Smith must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff Smith may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff Smith needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the second amended complaint. Any defendants named in the caption must also be discussed in Plaintiff Smith's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2020, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

5

complaint. Plaintiff Smith is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff Smith's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff Smith's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff Smith's rights and describe the injuries Plaintiff Smith suffered; and

f) state what relief Plaintiff Smith seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff Smith's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff Smith is entitled to relief. Because Plaintiff Smith's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff Smith wishes to maintain must be included in the second amended complaint.

## **CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff Smith and note service on the docket. Plaintiff Smith is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff Smith must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this Order, caption the document

as an "Second Amended Complaint," and label the document with docket number 1:20-CV-09501 (RA) (SDA). A Second Amended Civil Rights Complaint form is attached to this Order. No summons will issue at this time.

If Plaintiff Smith fails to comply within the time allowed, and cannot show good cause to excuse such failure, the Court will recommend that the complaint be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

**SO ORDERED.**

DATED:   New York, New York
         February 10, 2021

*[signature: Stewart D. Aaron]*

STEWART D. AARON
United States Magistrate Judge

---

[4] The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

Write the full name of each plaintiff.

-against-

**SECOND AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV.     DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 2: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 3: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 4: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**
State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6